# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

IN THE MATTER OF:

JASON ALAN HAMMIS
JENNIFER MARIE HAMMIS

CHAPTER **13**
Case No. 18-20250-dob
Judge DANIEL S OPPERMAN

Debtors

### TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
### TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
### NOTICE TO CREDITORS OF OBLIGATION TO
### FILE A RESPONSE AND RIGHT TO OBJECT; AND
### NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

*Please read this Report carefully. It advises you of certain
rights and deadlines imposed pursuant to the law.*
*Your rights may be adversely affected.*

Thomas W. McDonald Jr., Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2016-3(a)(1), reports to the Court that the above-named Debtors have comleted all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTORS HAVE PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTORS OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTORS CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

*PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTORS, DEBTORS' COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured.

Pursuant to E.D. Mich. LBR 2016-3(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

**RIGHTS AND DUTIES OF DEBTOR**

**Duty of Debtors regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtors are eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtors from any obligation on any continuing secured debt payments that come due after the date of the Debtors' last payment under the Plan.

See E.D. Mich. LBR 2016-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

See E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtors have failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtors are not current in any payments the Debtors were authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtors; or

    (b) There is pending any proceeding in which the debtors' may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2016-3(a)(5), it shall be conclusively determined that:

1. Debtors have made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtors are current in all payments Debtors were authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

   (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtors; or

   (b) There is pending any proceeding in which the debtors may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-SAGINAW
Thomas W. McDonald, Jr., Chapter 13 Standing Trustee

Dated: January 05, 2022

/s/Thomas W. McDonald, Jr.
THOMAS W. McDONALD, JR. (P32464)
3144 Davenport Avenue
Saginaw, MI 48602
Telephone (989) 792-6766
mail@mcdonald13.org

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**IN THE MATTER OF:**
JASON ALAN HAMMIS
JENNIFER MARIE HAMMIS
                                    Debtors

CHAPTER 13
Case No. 18-20250-dob
Judge DANIEL S OPPERMAN

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that on January 05, 2022, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Shantele Elmy (P67108)
3820 Isabella Street

The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

/s/ Sandy Urbaniak
Sandy Urbaniak
For the Office of the Chapter 13 Trustee-Saginaw
3144 Davenport Avenue
Saginaw, MI 48602
Telephone (989) 792-6766
mail@mcdonald13.org

JASON ALAN HAMMIS
JENNIFER MARIE HAMMIS
4401 HAMILTON DRIVE
MIDLAND, MI  48642

BECKET AND LEE LLP-EFT
PO BOX 3001
MALVERN, PA 19355

BEST BUY
PO BOX 4144
CAROL STREAM, IL 60197-4144

CBM SERVICES INC
PO BOX 551
MIDLAND, MI 48640-0551

CITIBANK NA
1000 TECHNOLOGY DRIVE
O'FALLON, MO 63368-2239

ELASTIC
901 N STEWART STREET  SUITE 110
ARLINGTON, VA 22203

FINANCIAL PLUS FEDERAL CREDIT UNION
G-3381 VAN SLYKE ROAD
FLINT, MI 48507

FIRST NATIONAL BANK OF OMAHA
STOP CODE 3105
1620 DODGE STREET
OMAHA, NE 68197

GOODYEAR CREDIT CARD PLAN
PO BOX 9025
DES MOINES, IA 50368-9025

INTERNAL REVENUE SERVICE
PO BOX 7317
PHILADELPHIA, PA 19101-7317

INTERNAL REVENUE SERVICE (N)
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA, PA 19101-7346

MIDLAND CREDIT MANAGEMENT INC, AGENT
MIDLAND FUNDING LLC
PO BOX 2011
WARREN, MI 48090

NAVIENT-DEPARTMENT OF EDUCATION
LOAN SERVICING-EFT
PO BOX 4450
PORTLAND, OR 97208-4450

ORLANS ATTORNEYS & COUNSELORS
1650 W BIG BEAVER ROAD
PO BOX 5041
TROY, MI 48007-5041

PAYPAL BUYER CREDIT
PO BOX 960080
ORLANDO, FL 32896-0080

PRA RECEIVABLES MANAGEMENT LLC EFT
PO BOX 12914
NORFOLK, VA 23541

QUANTUM3 GROUP LLC - EFT
PO BOX 2489
KIRKLAND, WA 98083-0788

RESURGENT CAPITAL SERVICES LP
CDA-10587-EFT
PO BOX 10587
GREENVILLE, SC 29603-0587

RUSHMORE LOAN MANAGEMENT SERVICES LLC
PO BOX 52708
IRVINE, CA 92619-2708

SEARS RECOVERY
7920 NW 110TH STREET
KANSAS CITY, MO 64153-1270

SHANTELE ELMY (P67108)
3820 ISABELLA STREET
MIDLAND, MI 48640

TD BANK USA NA
C/O WEINSTEIN AND RILEY PS
PO BOX 3978
SEATTLE, WA 98124

THE PINES SELF STORAGE LLC
PO BOX 1231
MIDLAND, MI 48641

US DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT
C/O NOVAD MANAGEMENT CONSULTING
LLC
2401 NW 23RD STREET   SUITE 1A1
OKLAHOMA CITY, OK 73107

WELLS FARGO BANK NA
ATTN: PAYMENT PROCESSING MAC
#X2302-04C
ONE HOME CAMPUS
DES MOINES, IA 50328

WILDFIRE CREDIT UNION-EFT
6640 BAY ROAD
PO BOX 3285
SAGINAW, MI 48605